**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000017
28-FEB-2023
08:04 AM
Dkt. 37 SO**

NO. CAAP-22-0000017

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


TRONG T. NGUYEN, Petitioner-Appellant,
v.
ADMINISTRATIVE DIRECTOR OF THE COURTS, STATE OF HAWAI'I,
Respondent-Appellee


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DAA-21-00003)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard, and Nakasone, JJ.)

Petitioner-Appellant Trong T. Nguyen (**Nguyen**) appeals from the Judgment on Appeal (**Judgment**), filed on November 26, 2021, and the Decision and Order Sustaining Administrative Revocation (**Decision and Order**), filed on November 24, 2021, in the District Court of the First Circuit (**District Court**).[1]  In the Judgment and the Decision and Order, the District Court affirmed a Notice of Administrative Hearing Decision (**Administrative Decision**) issued on August 23, 2021, by Petitioner-Appellee Administrative Driver's License Revocation Office (**ADLRO**), which administratively revoked Nguyen's driver's license.

Nguyen raises two points of error on appeal, asserting the District Court: (1) erred in concluding there was sufficient

_____

[1]  The Honorable Thomas A.K. Haia presided.

evidence to establish probable cause that Nguyen operated a vehicle under the influence of an intoxicant; and thus (2) erred in affirming the revocation of his license.[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Nguyen's point of error as follows and affirm.

"Review of a decision made by a court upon its review of an administrative decision is a secondary appeal. The standard of review is one in which [the appellate] court must determine whether the court under review was right or wrong in its decision." Wolcott v. Admin. Dir. of the Courts, 148 Hawaiʻi 407, 413, 477 P.3d 847, 853 (2020) (quoting Freitas v. Admin. Dir. of the Courts, 108 Hawaiʻi 31, 43, 116 P.3d 673, 685 (2005)).  HRS § 291E-40 "governs judicial review by the district court of an administrative revocation of a driver's license by the Director." Id. (citation omitted).  Pursuant to HRS § 291E-40(c) (2020), review by the district court is limited to whether the Director: (1) exceeded constitutional or statutory authority; (2) erroneously interpreted the law; (3) acted in an arbitrary or capricious manner; (4) committed an abuse of discretion; or (5) made a determination that was unsupported by the evidence in the record.

Nguyen argues that Hawaiʻi case law supports his contention that imperfect driving, red and glassy eyes, and the

---

[2]  Hawaii Revised Statutes (**HRS**) § 291E-38(e) (2020) provides in pertinent part:

> (e) The director shall affirm the administrative revocation only if the director determines that:
> (1) There existed reasonable suspicion to stop the vehicle . . .;
> (2) <u>There existed probable cause to believe that the respondent operated the vehicle while under the influence of an intoxicant</u>; and
> (3) The evidence proves by a preponderance that:
> (A) The respondent operated the vehicle while under the influence of an intoxicant;
> . . . .

(Emphasis added.)

odor of alcohol may amount to "reasonable suspicion" that an individual is driving impaired, but do not amount to "probable cause" for an arrest.  He cites, *inter alia*, State v. Kaleohano, 99 Hawaiʻi 370, 377-78, 56 P.3d 138, 145-46 (2002) (concluding that "red and glassy eyes, a criminal record, and imperfect driving, standing alone, are insufficient to establish probable cause to arrest a person for driving under the influence of drugs");[3] and State v. Sagapolutele-Silva, 147 Hawaiʻi 92, 100, 464 P.3d 880, 888 (App. 2020) (noting, where defendant was stopped for excessive speeding, officer "did not initially have probable cause to arrest [defendant] for OVUII based upon noticing she had red, watery, and glassy eyes, and an odor of alcohol about her"), *aff'd in part and vacated in part*, 151 Hawaiʻi 283, 511 P.3d 782 (2022).

Nguyen further contends that failing a standard field sobriety test (**SFST**) is what provides police with probable cause for an arrest for operating a vehicle under the influence of an intoxicant (**OVUII**), but an SFST was not done in this case.[4] Further, Nguyen contends that under HRS § 291E-11(f) (2020), a preliminary alcohol screening (**PAS**) could have established probable cause, but a PAS was not done in this case.  Thus, Nguyen claims there was insufficient basis to establish probable cause that he operated his vehicle under the influence of an intoxicant.

Given the record in this case, Nguyen's contentions lack merit.

> Probable cause exists when the facts and circumstances within one's knowledge and of which one has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution to believe that an offense has been committed. This requires more than a mere suspicion but less than a certainty.

---

[3]  In Kaleohano, a police officer observed the defendant's vehicle "swerve within its lane of travel and cross the solid double center line twice" when he decided to stop the vehicle.  99 Hawaiʻi at 372, 56 P.3d at 140.

[4]  Honolulu Police Department (**HPD**) Officer Ross Borges (**Officer Borges**) attested that he did not conduct an SFST because Nguyen's first language was not English and there was a communication barrier.

State v. Maganis, 109 Hawai'i 84, 86, 123 P.3d 679, 681 (2005) (emphasis and citation omitted). There is no requirement that an SFST must be conducted to establish probable cause that a driver operated a vehicle under the influence of an intoxicant. See State v. Ferrer, 95 Hawai'i 409, 427, 23 P.3d 744, 762 (App. 2001) ("The police officer's observations of the field sobriety exercises, other than the [horizontal gaze nystagmus] test, should be placed in the same category as other commonly understood signs of impairment, such as glassy or bloodshot eyes, slurred speech, staggering, flushed face, labile emotions, odor of alcohol or driving patterns" (citation omitted)); State v. Watanabe, No. CAAP-20-0000155, 2021 WL 2624643 at *6-7 (Haw. App. June 25, 2021) (SDO) (rejecting claim there was insufficient evidence to *convict* defendant of OVUII based on officer's observations, where there was no evidence of traffic violations or aberrant driving, blood or alcohol test results, or a field sobriety test); State v. Eaton, No. CAAP-19-0000442, 2020 WL 3077931 at *1 (Haw. App. June 10, 2020) (SDO) ("Sufficient evidence for an OVUII *conviction* may be found without a field sobriety test when based on other signs of impairment" (emphasis added)).

In this case, there was sufficient evidence to establish probable cause that Nguyen was operating his vehicle while under the influence of an intoxicant. HPD Officer Arthur Gazelle (**Officer Gazelle**) observed a white Camry in lane 2 of the H-1 freeway rapidly catching up to and dangerously passing vehicles in the adjacent right lanes. Using his Stalker LIDAR device, Officer Gazelle captured the Camry's speed at 103 miles-per-hour (**mph**), which was 58 mph over the posted speed limit. The Camry proceeded to "tail gate" another vehicle instead of moving to the open left lane and drifted about two feet over the lane marking on the left and one foot over the lane marking on the right. When the other vehicle moved over to the right lane, the Camry sped past it and then drifted to the left completely into lane 1 and about one foot over the solid yellow lane

marking, coming about one foot from scraping the concrete wall with the driver's mirror.  The Camry then slowed and moved all the way back to the far right lane and tailgated a white van. While drifting side to side, the Camry exited onto Bingham Street at 46 mph in a 25 mph posted zone.  When Officer Gazelle initiated a stop, the Camry "was slow to respond, then pulled to the right corner at Griffiths St[reet] and struck the curb with its front tire" before coming to a stop.  The Camry then pulled forward again and made a right turn, but climbed up and then off the curb with both the front and rear right side tires.  The Camry then came to an abrupt stop and was placed in reverse. Nguyen produced his driver's license and insurance but had to be reminded to provide his registration.  When speaking with Nguyen, Officer Gazelle observed Nguyen had a strong odor of an alcoholic type beverage on his breath, his gaze was fixed, his eyes were red and watery, his neck and face were flush red, and his speech was garbled and slurred.  While Nguyen stood next to Officer Gazelle, Nguyen "reek[ed]" of consumed alcohol and swayed side-to-side.

Officer Borges observed Nguyen had blood shot eyes and "detected an overwhelming odor" of consumed alcohol.  After noticing that Nguyen's vehicle was in reverse, he asked Nguyen to put the vehicle in park but Nguyen had difficulty manipulating the automatic transmission shifter.  Officer Borges also reported that after asking Nguyen to step out of his vehicle, Nguyen "exited his vehicle by pulling on [the] door frame and assisting himself out of his vehicle."  Nguyen was "unsteady on his feet and swaying while standing still."  Officer Borges also noticed a "strong odor of alcohol coming from [Nguyen's] breath from 6-8 feet away."

Given the record, the District Court did not err in concluding there was probable cause that Nguyen operated a vehicle while under the influence of an intoxicant, without a SFST or PAS being administered.  The District Court correctly determined that Nguyen's license revocation should be affirmed.

Therefore, IT IS HEREBY ORDERED that the Judgment on Appeal, filed on November 26, 2021, in the District Court of the First Circuit, is affirmed.

DATED:  Honolulu, Hawaiʻi, February 28, 2023.

On the briefs:                        /s/ Lisa M. Ginoza
                                      Chief Judge
Alen M. Kaneshiro,
Christopher M. Phillips,              /s/ Katherine G. Leonard
for Petitioner-Appellant             Associate Judge

Christopher J.I. Leong,              /s/ Karen T. Nakasone
Deputy Attorney General,             Associate Judge
for Respondent-Appellee